Martin, J.
delivered the opinion of the court. On the affidavit of Samuel Thornberry, that he was duly appointed clerk of the parish of Concordia, and has ever fulfilled all the duties of the office with care and fidelity, and yet the judge of the seventh district has removed him therefrom, and appointed Edmund Randolph, the other defendant, in his stead, and compelled, by force, a surrender of the records and papers of the office from the deponent to said Randolph, a rule was granted to shew cause why a mandamus should not issue for the restoration of the defendant in his said office, and the return of the records and papers thereof to him.
After hearing an argument, this court is of opinion that the mandamus cannot issue.
The clerk cannot he considered as removed: for this court alone has the power of removing him. The facts sworn to present only the case of a disturbance. If it does really exist, the deponent has his remedy in the ordinary course of justice, by an action for damages, and the intruder may be ousted by a writ of quo war-ranto. It is true, in a case like the present, an West. *272 officer is commonly reinstated by a writ of mandamus. But, it cannot be believed that, if the present incumbent be declared by a proper judgment to have been illegally placed in an office, which was not vacant, the court of the seventh district will prevent the defendant from acting.
Were we to proceed, in a summary mode, by the process of mandamus, we would take original cognizance in an extraordinary manner, of a right to an office, contested by two persons-a right which may effectually, though less speedily, be asserted in the ordinary course of justice.
The rule must be discharged.